Curia, per
Johnson, J.
The géneral rule is, that if a blank be signed, sealed and delivered, and afterwards written, it is no deed, and the obvious reason is, that as *240 there was nothing of substance contained in it, nothing could pass by it. But the rule never was intended to prescribe to the grantor the oi’der of time in which the several parts of a deed should be written. A thing to be granted, or person to whom, and the sealing and delivery, are some of those which are necessary, and the whole is consummated by the delivery ; and if the grantor should think proper to reverse this order in the manner of execution, but in the end makes it perfect, before the delivery, it is a good deed. Thus it is said, that if a deed be made with blanks, and afterwards filled up and delivered by the agent of the party, it is good. Anst.229. Com. Dig. tit. Fait. A. (1.) note (/.) Day’s ed. It is not pretended that this deed was not perfect as to format the time it was delivered by Gray, the plaintiffs agent; or that he was not instructed by the plaintiff to fill up the blanks and deliver it. And according to this authority the deed is good. In another view I think the same consequences f$how. It is not necessary in all cases that the grantor should in person make delivery of the deed. It may, says Sheppard, be delivered by another, by his appointment, or authority precedent, or assent or agreement subsequent; for omnis ratihabitio mandato aequiparatur. 1 Shep. Touch. 57. And admitting that the deed on account of the manner of its execution and the informality of the delivery was void, yet the plaintiff is bound by his subsequent assent to the execution, manifested by his accepting and claiming the benefit of the contract growing out of it, and he will not be permitted to gainsay or controvert it. It would be a fraud on the defendant which could not be tolerated.
New trial granted.